UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.

RADNO INVESTMENT
HOLDINGS, L.L.C., RADNO, INC.,
PETER J. RADNO, PETER P.
RADNO and WHITE LAKE
COMMONS ASSOCIATION, INC.,

      Defendants.

Case No: 2:14-cv-149-FtM-29CM

## ORDER

Before the Court is Plaintiff's Motion for Default Against White Lake Commons Association, Inc. (Doc. 16) filed on April 21, 2014. Plaintiff PNC Bank, National Association ("PNC") moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendant White Lake Commons Association, Inc. ("White Lake") for failure to respond to the Complaint. For the reasons that follow, the Motion is due to be granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.

*United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a).

In support of its Motion for Clerk's Default, PNC cites the Affidavit of Service filed with the Court on April 14, 2014 (Doc. 8), which reflects that Andria Henschesmoore, an employee of Compass Management Group, as Registered Agent for White Lake, was served with the Summons and Complaint on March 26, 2014, at 4851 Tamiami Trail North, Suite 400, Naples, Florida, 34103. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *See Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process was therefore properly effected as to Defendant White Lake under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. White Lake has failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default Against White Lake Commons Association, Inc. (Doc. 16) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant White Lake Commons Association, Inc.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of April, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record