## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PNC BANK NATIONAL
ASSOCIATION,

       Plaintiff,

v.                                  Case No:  2:14-cv-149-FtM-29CM

RADNO INVESTMENT
HOLDINGS, L.L.C., RADNO, INC.,
PETER J. RADNO, PETER P.
RADNO and WHITE LAKE
COMMONS ASSOCIATION, INC.,

       Defendants.

_____

### ORDER

      Before the Court is Plaintiff's Motion for Default Against Radno, Inc. (Doc. 25) and Plaintiff's Motion for Default Against Radno Investment Holdings, L.L.C. (Doc. 26).  Plaintiff PNC Bank, National Association ("PNC") moves pursuant Federal Rule of Civil Procedure 55(a), for entry of a Clerk's Default against Defendants Radno, Inc. and Radno Investment Holdings, L.L.C. ("Radno, L.L.C.") for failure to respond to the Complaint.  For the reasons that follow, the Motions are due to be granted.

      Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Prior to directing the Clerk to enter a default, the Court must first determine whether the Plaintiff properly effected service of process.  *Kelly*

*v. Florida*, 233 F. App'x 883, 884-85 (11th Cir. 2007); *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a).

In support of its Motions for Clerk's Default, PNC cites the Affidavits of Service filed with the Court on April 14, 2014 (Docs. 9, 10), which reflect that Micahel A. Baviello, Jr., as Registered Agent for Radno, Inc. and Radno, L.L.C., was served with the Summons and Complaint on March 26, 2014, at 800 Seagate Drive, Suite 204, Naples, Florida, 31403. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *See Manufacturers Hanover Trust Co. v. Ponsoldt*, 51 F.3d 938, 941 (11th Cir. 1995) (letter from Florida Secretary of State acknowledging acceptance of summons and complaint *prima facie* evidence of substituted service on the defendant); *Udoinyion v. The Guardian Security*, 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into

question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre*, Case No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process was therefore properly effected as to Defendants Radno, Inc. and Radno, L.L.C. under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(3)(a).

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Radno, Inc. and Radno, L.L.C. have failed to do so within the time period; therefore, entry of Clerk's Default is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Against Radno, Inc. (Doc. 25) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant Radno, Inc.

2. Plaintiff's Motion for Default Against Radno Investment Holdings, L.L.C. (Doc. 26) is **GRANTED**; and the Clerk is directed to enter Clerk's Default against Defendant Radno Investment Holdings, L.L.C.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of June, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

- 3 -