UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PNC BANK NATIONAL ASSOCIATION, a Delaware corporation,

      Plaintiff,

v.                                Case No: 2:14-cv-149-FtM-29CM

RADNO INVESTMENT HOLDINGS, L.L.C., a Florida limited liability company, RADNO, INC., a Florida corporation, PETER J. RADNO, an individual, PETER P. RADNO, an individual, and WHITE LAKE COMMONS ASSOCIATION, INC., a Florida not-for-profit corporation,

      Defendants.

**OPINION AND ORDER**

This matter comes before the Court on plaintiff and defendants Peter J. Radno and Peter R. Radno's Stipulation and Joint Motion for Entry of Final Judgment of Foreclosure (Doc. #29) and Joint Motion for Appointment of Master to Conduct Foreclosure Sale (Doc. #30), and plaintiff's Motion for Default Judgment of Foreclosure (Doc. #31) filed on June 11, 2014.  Plaintiff and the individual defendants have stipulated to the entry of judgment, and plaintiff seeks a default judgment against the remaining defendants.

On March 17, 2014, plaintiff PNC Bank National Association PNC Bank), the holder and owner of loan documents, filed a Verified

Complaint (Doc. #1) against Radno Investment Holdings, LLC (Radno Investment), Radno, Inc. (Radno Inc.), Peter J. Radno, Peter P. Radno (collectively Radnos), and White Lake Commons Association, Inc. (White Lake) seeking to foreclose a mortgage and based on the default under a promissory note and several personal guaranties.

## I.   Default Judgment

Plaintiff seeks a final default judgment against Radno Investment Holdings, LLC, Radno Inc., and White Lake Commons Association, Inc.  No response has been filed and the time to respond has expired.  The Court finds that an evidentiary hearing is not required and will render a decision based on the documents submitted.  After service of process and finding no appearance or response, plaintiff moved for and was granted a Clerk's Entry of Default (Doc. #18) against White Lake and a Clerk's Entry of Default (Doc. #28) against Radno Investment and Radno Inc.  (See also Docs. ## 17, 27.)  Therefore, plaintiff has fulfilled the necessary prerequisite for a default judgment.  Fed. R. Civ. P. 55(a).  Plaintiff has otherwise stipulated to the entry of a final judgment of foreclosure against the remaining defendants. (Doc. #29.)

### A. Factual Basis

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus

established. [ ] A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations. [ ] A default defendant may, on appeal, challenge the sufficiency of the complaint, even if he may not challenge the sufficiency of the proof." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009)(internal quotations and citations omitted).

Deeming all facts in the Complaint as admitted, in 2007 the Community Bank of Naples, N.A. loaned $2,550,000 to Radno Investment secured by a note with a maturity date of May 21, 2012. The Note was executed in conjunction with a Business Loan Agreement and secured by a recorded mortgage on a property in Collier County, Florida, commercial guaranties executed by the Radnos, and an Assignment of Rents.  In 2008, the Community Bank of Naples, N.A. merged into RBC Bank (USA).  In 2011, Radno Investment and RBC Bank (USA) modified the terms of the Business Loan Agreement, including to extend the maturity date to September 1, 2016, and also entered into an interest rate swap transaction.  Effective 2012, RBC Bank (USA) merged into PNC Bank, and PNC Bank succeeded to all rights and obligations of RBC Bank (USA).  The "loan documents" collectively consist of the mortgage, note, assignment of rents, swap agreement, and guaranties.

Radno Investment defaulted under the terms of the loan documents by failing to make payments when due.  Plaintiff

provided notice of the default, and accelerated the loan. As of February 25, 2014, Radno Investment is indebted to PNC Bank in the amount of $2,150,626.08, plus accrued interest in the amount of $157,302.44, accruing at a rate of $1,075.31 per diem, late fees of $11,113.46, plus attorney's fees and costs. As of March 10, 2014, Radno Investment owes $80,009.76, plus accrued interest, under the swap agreement.

**B. Legal Basis**

In Count I, plaintiff seeks a declaration that it holds the senior lien on the property, to sell the property, and to foreclose on the mortgage. In Count II, plaintiff seeks to foreclose its security interest in any collected rents on the mortgaged property and for the appointment of a Receiver. In Count III, brought against Radno Investment only, plaintiff seeks judgment for the amounts owing due to the breach of the note. Counts IV, V, and VI are brought against the Radnos and Radno Inc. only for the breach of the commercial guaranties. In Count VII, plaintiff seeks judgment for the amounts due under the swap agreement.

The Court finds that the allegations are sufficiently pled to support a default judgment against Radno Investment and Radno Inc. for the amounts owing, plus interest. The Court further finds that a default judgment is appropriate against White Lake to the extent that any lien or interest it may have on the property is

deemed junior to that of plaintiff. (Doc. #1, ¶ 12.) The Court will issue a separate Final Judgment of Foreclosure.

### C. Attorney's Fees and Costs

Plaintiff filed an Affidavit of Attorney's Fees and Taxable Costs (Doc. #31-1, Exh. 1) setting forth the number of hours expended as well as the hourly rate for counsel who worked on the case for a total of $16,932.50. The Promissory Note provides that the borrower will be liable for "reasonable attorneys' fees", "legal expenses", and court costs, and counsel has shown that fees were actually incurred. Coastal Cmty. Bank v. Jones, 23 So. 3d 757, 759 (Fla. 1st DCA 2009)(denying attorney's fees because no evidence of an amount owed to attorney for bank was shown). Additionally, the Business Loan Agreement (Doc. #1-3, Exh. 3), Mortgage (Doc. #1-4, Exh. 4), Commercial Guaranties (Doc. #1-5, Exh. 5; Doc. #1-6, Exh. 6; Doc. #1-7, Exh. 7), the Assignment of Rents (Doc. #1-8, Exh. 8), the Change in Terms Agreement (Doc. #1-10, Exh. 10), and the ISDA Master Agreement (Doc. #1-12, Exh. 12) all contain clauses providing for fees and expenses in the event of default. Therefore, the Court finds that plaintiff is entitled to fees, expenses, and costs.

Plaintiff suggests that review of the amounts for reasonableness is not required because the amounts do not exceed 10% of the principal sum in the Promissory Note (Doc. #1-2, Exh. 2). Florida Statute § 687.06 may not apply because no percentage

is provided in the applicable instrument, see Sand Dollar Invs., Inc. v. Anja, Inc., 492 So. 2d 1 (Fla. 4th DCA 1986), however:

> In a mortgage foreclosure proceeding, when a default judgment has been entered against the mortgagor and the note or mortgage provides for the award of reasonable attorney's fees, it is not necessary for the court to hold a hearing or adjudge the requested attorney's fees to be reasonable if the fees do not exceed 3 percent of the principal amount owed at the time of filing the complaint, even if the note or mortgage does not specify the percentage of the original amount that would be paid as liquidated damages. Such fees constitute liquidated damages in any proceeding to enforce the note or mortgage.

Fla. Stat. § 702.065(2). Because the amount of attorney fees sought do not exceed 3 percent or 10 percent of the original principal amount, the Court need not inquire further as to the reasonableness of the fees sought. Dean v. Coyne, 455 So. 2d 576 (Fla. 4th DCA 1984)("there should be no judicial inquiry into the fee's fairness or reasonableness absent some plea for equitable consideration"). The Court will also permit the taxable costs[1] and expenses[2] as requested in the amount of $1,243.50.

---

[1] Taxable costs are those enumerated in 28 U.S.C. § 1920, and include the filing fee and costs associated with service of process.

[2] The title search expense and recording fees will be permitted as the loan documents provide for both expenses and court costs.

## II. Stipulation for Final Judgment

Plaintiff and the Radnos have stipulated to the entry of final judgment for the amounts owing under the loan documents, plus the attorney's fees and costs addressed above. All amounts are as of June 1, 2014, and the parties have stipulated that the amount of deficiency judgment will be the lesser of the difference between the amounts owing and the sale price of the property at the foreclosure sale or its fair market value on the date of the foreclosure sale. The parties also stipulate to the appointment of a master to conduct the sale of the property at a future date and time. The Court will grant the motion and a separate Final Judgment of Foreclosure.

## III. Appointment of Master

Plaintiff and the Radnos seek the appointment of a special master to conduct the sale of property at issue in this case and subject to the Final Judgment of Foreclosure. The parties have agreed to the appointment of Philip J. von Kahle to conduct the foreclosure sale. In support, the Declaration of Philip J. von Kahle (Doc. #30-1, Exh. 1) provides that Mr. von Kahle has no relationship to the parties, the court, or the attorneys such that disqualification would be required. Mr. von Kahle's resume is also provided (Doc. #30-2, Exh. A) in support of his qualifications. The Court will grant the motion and appoint a master to conduct the sale in lieu of the U.S. Marshal.

The proposed Final Judgment of Foreclosure will be amended to correct the location of any public sale to occur in Collier County, Florida, where the property is located, and for delivery of any cash, certified check, or cashier's check payable to the Clerk of Court to be made by no later than 4:00 p.m. on the following day. The total in paragraph 2 will also be corrected due to a mathematical error by the parties.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Default Judgment of Foreclosure (Doc. #31) is **GRANTED** and judgment shall issue in favor of plaintiff and against defendants Radno Investment Holdings, LLC, Radno, Inc., and White Lake Commons Association, Inc. as provided herein.

2. Plaintiff and defendants Peter J. Radno and Peter R. Radno's Stipulation and Joint Motion for Entry of Final Judgment of Foreclosure (Doc. #29) is **GRANTED** and judgment shall issue in favor of plaintiff and against defendants Peter J. Radno and Peter P. Radno as provided herein.

3. A Final Judgment of Foreclosure will issue upon receipt of the original Note. The Clerk shall enter judgment in favor of plaintiff and against defendants pursuant to this Opinion and Order and by attaching a copy of the Final Judgment of Foreclosure to the Civil Judgment once issued.

4. Plaintiff and defendants Peter J. Radno and Peter R. Radno's Joint Motion for Appointment of Master to Conduct Foreclosure Sale (Doc. #30) is **GRANTED** as follows:

A. Philip J. von Kahle of Michael Moecker & Associates, 3613 North 29th Ave., Hollywood, FL 33020, is **appointed** as master (the "Master") to conduct the foreclosure sale in accordance with the Final Judgment of Foreclosure on a date and time to be determined by the Master not less than **60 days** from the date of the judgment.

B. Upon receiving the bid amount from the purchaser of the property, the Master shall deposit any proceeds of the sale with the Clerk of this Court and shall file a report of sale with the Court, stating the date of the sale, the name and address of the winning bidder, the amount of the bid, the proceeds, if any, deposited with the Clerk, and the Master's fees and costs, which sale is subject to confirmation by the Court.

C. Upon confirmation of the sale by the Court, the Master shall be authorized to convey to the purchaser a Certificate of Title or Deed, which shall be recorded in the public records of Collier County, Florida.

D. Unless otherwise ordered, upon confirmation of the sale by the Court, and conveyance to the purchaser of the Certificate of Title or Deed, the Master shall be discharged

without further order of the Court.  The Master may apply to the Court for further instructions if needed.

5.   The Clerk shall add Mr. Philip J. von Kahle to the docket as a Special Master (sm:pty) to receive copies of further filings and Orders, and send a copy of this Order and the Final Judgment of Foreclosure to the Special Master.

6.   The Clerk is further directed to terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of July, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record
Special Master